**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION
LAWSUIT AND FAIRNESS HEARING**

[NAME]
[ADDRESS]
[CITY, STATE ZIP]

---

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

# If you were a non-supervisory, non-exempt hourly paid building service staff member at The Monarch Condominium at any time from November 10, 2014 through the date of this notice, you may be entitled to a payment from a class action lawsuit settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- This notice pertains to any individual who was employed as a non-supervisory, non-exempt hourly paid building service staff member at The Monarch Condominium located in Manhattan, New York, between November 10, 2014 through the date of this notice ("Class Member").

- Class Members who worked at The Monarch Condominium have sued The Monarch Condominium, The Monarch Condominium Board of Managers, and LaSala Management, Inc. (collectively, the "Monarch Defendants" or the "Settling Entities"), alleging that the Monarch Defendants failed to properly compensate them and all other Class Members for all straight and overtime hours they worked. The lawsuit was filed as a class action under the state laws of New York, and as a collective action under the Fair Labor Standards Act ("FLSA"). The Settling Entities deny all allegations, and maintain that all Class Members were properly compensated at all times.

- To avoid the burden, expense, inconvenience, and uncertainty of continued litigation, the parties have concluded that it is in their best interests to resolve and settle the action by entering into a Settlement Agreement and Release (the "Agreement" and the "Settlement Agreement").

- Under the Settlement Agreement, the Settling Entities have agreed to deposit a combined total of $912,500.00 (the "Gross Settlement Amount") into a fund that will be used to pay Class Members who qualify for a settlement payment, as well as to pay attorneys' fees, service awards, litigation costs, and the expenses of administering the Settlement.

- Under the allocation formula created by Class Counsel and their expert, you are entitled to receive approximately $_____, half of which is subject to applicable taxes and withholdings, like any other paycheck.  This amount is based on a computerized algorithm as described in Section 7 below.

- Neither counsel for Class Members ("Class Counsel") nor the Settling Entities make any representations concerning tax consequences of this Settlement or participation in it, and you are advised to seek your own personal tax advice regarding your participation in the Settlement.

- Your legal rights may be affected. You have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | Remain part of the case and receive approximately the payment amount identified above, subject to applicable taxes and withholdings. |
| **EXCLUDE YOURSELF** | Get no payment.  If you worked for the Settling Entities as a Class Member in the State of New York, excluding yourself is the only option that allows you to bring your own lawsuit or to be part of any other lawsuit for New York Labor Law ("NYLL") and FLSA claims for unpaid wages against the Settling Entities for work performed between November 10, 2014 through the date of this notice. *If you exclude yourself from the settlement, you will NOT be entitled to receive any payment from the settlement fund. For additional information regarding excluding yourself, see Sections 11-14 below.* |
| **OBJECT** | Write to the Court about why you object to the Settlement. If you exclude yourself from the Settlement, you may not object.  If you object in writing, you may also ask to speak in court about the fairness of the Settlement. You may only appear in court to speak about the fairness of the Settlement if you file a timely written objection to the Settlement and if you do not exclude yourself from the Settlement.   For additional information regarding objecting to the Settlement, see Sections 17-18 below. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

{N0332125.1}                                    2

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## BASIC INFORMATION

**1. Why did I get this notice?**

According to the Settling Entities' books and records, you worked as a Class Member, as defined above, at The Monarch Condominium between November 10, 2014 through the date of this notice. The Court ordered that you be sent this notice because you have a right to know about a proposed Settlement of a collective/class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after any objections and appeals are heard, payments will be mailed to Class Members who do not exclude themselves.

This notice explains the lawsuit, the Settlement, your legal rights, and what benefits are available.

The Court overseeing this case is the United States District Court for the Southern District of New York. This lawsuit is known as *Preldakaj v. The Monarch Condominium, et al.*; Index No. 20-cv-9433 (VSB).

**2. What is this lawsuit about?**

This lawsuit is about whether the Settling Entities properly paid each Class Member for straight and overtime hours when he/she clocked in/out or was performing off-the-clock work before and after his/her shifts and/or meal breaks but were only paid according to his/her scheduled hours. The Settling Entities deny that they underpaid or improperly paid Class Members.

**3. Why is this a class action?**

In a class action, the named plaintiff is also called "Representative Plaintiff," and he sued on behalf of people who have similar claims. The Representative Plaintiff and the other people on whose behalf he sued are called a "Class" or "Class Members." One court resolves the issues for everyone in the Class—except for those who choose to exclude themselves from the Class.

**4. Why is there a settlement?**

The Court did not decide in favor of Plaintiff or the Settling Entities. Both sides believe they would have prevailed in the case, but there was no decision ruling in favor of either party. Instead, both sides agreed to a settlement. That way, they avoid the costs, delays and uncertainties associated with a trial, and the Class Members who participate in the Settlement will get compensation. The Representative Plaintiff and the attorneys think the Settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT

**5. How do I know if I am part of the settlement?**

You are automatically a member of the Class if you worked for the Settling Entities as a Class Member, as defined above, in New York between November 10, 2014 through the date of this notice.

**6. I'm still not sure if I am included.**

If you are still not sure whether you are included, you can ask for free help. You can contact the Settlement Claims Administrator as follows:

Settlement Services, Inc.
[Address]
Toll Free #: [XXX]
Fax #: [XXX]
Email: [XXX]

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**7. What does the settlement provide?**

The Settling Entities have agreed to deposit a combined total of $912,500.00 into a fund to be divided among current and former employees who are covered by the Settlement Agreement. The settlement fund shall cover payments to Class Counsel for attorneys' fees and costs, payments to the Representative Plaintiff for his service to the Class, and the costs of administering the Settlement. The remaining amount, after attorneys' fees and costs, service payments, and administrative fees have been deducted (the "Net Settlement Fund"), shall be divided among Class Members based on the number of workweeks assigned to each Class Member during their period of employment from November 10, 2014 through May 31, 2021. Each Class Member's individual number of workweeks compared to the total amount of workweeks attributable to the entire Class, will then be calculated and each individual Class Member will be assigned a *pro rata* percentage of the overall number of workweeks. That *pro rata* percentage will then be applied to the Net Settlement Fund to allocate a monetary value to the individual Class Member. Settlement checks that are issued to Class Members that are not cashed within 90 days will be null and void.

**8. How much will my payment be?**

Based on the formula that has been preliminarily approved by the Court, you will be entitled to receive approximately $_____, half of which is subject to applicable taxes and withholdings. The Settlement Agreement contains the exact allocation formula. You may obtain a copy of the Settlement Agreement by following the instructions in Section 22 below.

# HOW YOU GET A PAYMENT

**9. How can I get my payment?**

You do not need to do anything to receive the payment identified in Section 8. You will be sent a settlement check if and when the Court approves the settlement and after all appeals have been exhausted. If you exclude yourself from the Settlement, then you will not receive a payment.

**10. When will I get my payment?**

The Court will hold a fairness hearing to determine whether to approve the Settlement, as described in more detail in Section 19. If the Court approves the Settlement, there may be appeals after that. Resolving appeals can take time, perhaps more than a year. Please be patient.

**11. What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself (as explained in Section 12 below), you will remain in the Class. This means that you cannot bring or be part of any other lawsuit against the Settling Entities about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you. In addition, if you cash the settlement check, you will also release claims under the FLSA. Class Members who do not exclude themselves but also do not cash their settlement check within 90 days will still release their NYLL claims under state law, but will not release any claims under the FLSA.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep the right to bring or be part of any other lawsuit against the Settling Entities on your own about the legal issues in this case, then you must take certain steps. This is called excluding yourself—or is sometimes referred to as "opting out" of the Class.

**12. How do I exclude myself from the settlement?**

To exclude yourself from the Settlement, you must send a letter by mail that includes the words, "I opt out of the Monarch Condominium wage and hour settlement." You must include your name, job title, address, telephone number, and signature. Your exclusion request must be postmarked no later than _____ and must be mailed to:

> Settlement Services, Inc.
> [Address]
> Toll Free #: [XXX]
> Fax #: [XXX]
> Email: [XXX]

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit. You may also

be able to bring (or be part of) another lawsuit against the Settling Entities in the future about some of the legal issues in this case.  If you wish to exclude yourself, you should speak to a lawyer, at your own expense, as soon as possible because your claims are subject to a statute of limitations, which means that they will expire on a certain date. If you exclude yourself from the Settlement, you may not object to it.

**13. If I do not exclude myself, can I sue the Settling Entities for the same thing later?**

No.  Unless you exclude yourself, you give up any rights to sue the Settling Entities for the claims being resolved in this case.  If you have a pending lawsuit, speak to your lawyer in that case immediately to see if this Settlement will affect your other case; that lawyer will not be entitled to receive fees from the settlement fund.  Remember, the exclusion deadline is _____.

**14. If I exclude myself, can I get money from this settlement?**

No.  If you exclude yourself, you will not receive any money from this lawsuit or Settlement.  But, you may bring or be part of any other lawsuit against the Settling Entities regarding the claims in this lawsuit.

# THE LAWYERS REPRESENTING YOU

**15. Do I have a lawyer in this case?**

The Court has decided that the lawyers at McLaughlin & Stern, LLP are qualified to represent you and all Class Members. These lawyers are called "Class Counsel."  Specifically, if you choose to remain in the Class you are represented by Lee S. Shalov, Esq. and Brett R. Gallaway, Esq. from McLaughlin and Stern, LLP.  You will not be charged for these lawyers; their fees are being covered by the settlement fund.  You do not need to retain your own attorney in order to participate as a Class Member.  If you do not opt out of the Class and want to be represented by your own lawyer, you may hire one at your own expense; that lawyer will not be entitled to receive fees from the settlement fund.

**16. How will the lawyers be paid?**

Class Counsel will ask the Court to approve payment of up to one-third of the Gross Settlement Amount for attorneys' fees.  These fees would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the Settlement.  Class Counsel will also ask the Court to approve payment for their out-of-pocket costs, excluding the cost of the settlement administrator.  The cost of the settlement administrator will also come from the Gross Settlement Amount.  The Settling Entities have agreed not to oppose these fees.  Class Counsel will also ask the Court to approve payments of $10,000 in total to the Representative Plaintiff in recognition of the risks he took and his service to the Class.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

**17. How do I tell the Court that I don't like the settlement?**

If you are a Class Member, you can object to the Settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter by mail that includes the words "I object to the settlement in the Monarch Condominium wage and hour settlement." as well as all reasons for the objection. Be sure to include your name, job title, address, telephone number, and your signature. Mail the objection to:

> Settlement Services, Inc.
> [Address]
> Toll Free #: [XXX]
> Fax #: [XXX]
> Email: [XXX]

Your letter must be postmarked no later than _____.

**18. What's the difference between objecting and excluding yourself?**

Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you stay in the Class. If you exclude yourself from the settlement, you may not object. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a fairness hearing to decide whether to approve the Settlement. You may attend the hearing and ask to speak at the hearing, but you do not have to. If you wish to bring anything to the Court's attention about the Settlement, you should provide it in writing to the Claims Administrator according to Section 17 above. The Claims Administrator will provide your letter to the Court before the fairness hearing.

**19. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing on _____, at _____ a.m., at the United States District Court for the Southern District of New York, 40 Foley Square, New York, New York, Before the Hon. Vernon S. Broderick in Courtroom 518.

At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Class Counsel. After the

hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

### 20. Do I have to come to the hearing?

No. Class Counsel will answer questions the Court may have. But you are welcome to attend the hearing at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary; that lawyer will not be entitled to receive fees from the settlement fund.

### 21. May I speak at the hearing?

If you file a timely objection to the Settlement, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include the words "I intend to appear at the Fairness Hearing" in your written objection, which must be filed according to the procedure described in Section 17, above. Your testimony at the Fairness Hearing will be limited to those reasons that are included in your written objection. You cannot speak at the hearing if you exclude yourself from the Settlement.

## GETTING MORE INFORMATION

### 22. Are there more details about the settlement?

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by sending a request, in writing, to:

Settlement Services, Inc.
[Address]
Toll Free #: [XXX]
Fax #: [XXX]
Email: [XXX]

### 23. How do I get more information?

If you have other questions about the settlement, you can contact the Settlement Claims Administrator, or Class Counsel at the addresses and/or telephone numbers below.

Brett R. Gallaway, Esq.
McLaughlin & Stern, LLP
260 Madison Avenue
New York, New York 10016
Telephone: (212) 448-1100
BGallaway@mclaughlinstern.com

DATED: [Insert Date of Mailing], 2021