UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMANUEL PRELDAKAJ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE MONARCH CONDOMINIUM, THE MONARCH CONDOMINUM BOARD OF MANAGERS and LASALA MANAGEMENT, INC.<br><br>Defendants. | Index No.: 20-cv-09433(VSB) |

### [PROPOSED] ORDER GRANTING THE PARTIES' JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFF'S COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PLAINTIFF'S PROPOSED NOTICE OF SETTLEMENT

The above-entitled matter came before the Court on Plaintiff's and Defendants' Joint Motion for Preliminary Approval of Class Action Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiff's Counsel as Class Counsel, and Approval of Plaintiff's Proposed Notice of Settlement ("Motion for Preliminary Approval"). After reviewing the Motion for Preliminary Approval, the Memorandum of Law in Support of the Motion for Preliminary Approval (the "Memorandum"), the Declaration of Brett R. Gallaway ("Gallaway Decl.") and supporting exhibits, the Court hereby finds as follows:

A.　　On July 13, 2021, Plaintiff, Emanuel Preldakaj filed a Motion for Preliminary Approval (the "Motion") jointly with Defendants, The Monarch Condominium, The Monarch Condominium Board of Managers and LaSala Management, Inc. (collectively, the "Monarch Defendants" or "Settling Entities"), with respect to a proposed Settlement Agreement and Release ("Settlement Agreement").

B.	In the Motion, Plaintiff seeks class certification only for settlement purposes under Fed. R. Civ. P. 23 of all individuals who worked at The Monarch Condominium located in New York, New York, as non-supervisory, non-exempt hourly paid building service staff members for the Monarch Defendants in New York during the period from November 10, 2014 through the date of this Order. Collectively, Plaintiff and the Settling Entities are referred to as the "Parties."

C.	This Court has considered all of the submissions presented with respect to the Settlement Agreement.

D.	All capitalized terms in this Order with respect to the Settlement Agreement that are not otherwise defined have the same meaning as used in the Settlement Agreement.

E.	NOW THEREFORE, after due deliberation and for good cause, this Court hereby ORDERS that:

1.	For the reasons set forth in Plaintiff's Memorandum, for purposes of settlement only, this Court finds that the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), and the predominance and superiority requirements of Rule 23(b)(3) have been met, warranting class and collective certification for purposes of effectuating settlement only. The Court hereby certifies the following class for settlement purposes only:

> All individuals who worked as non-supervisory, non-exempt hourly paid building service staff members for the Settling Entities at The Monarch Condominium in New York between November 10, 2014 and the date of this Order.

2.	The Court finds that the Settlement Agreement is fair, reasonable and adequate, and should be preliminarily approved. The settlement will ensure prompt payment to the Class Members and avoid the risks and expense of continued litigation.

3.	The Court has reviewed the terms and conditions of the Settlement Agreement, including the monetary relief provisions, the plan of allocation, and the release of

{N0332104.1}                         2
1403723.1
1974812.1 29460-0001-000

claims. Based on its review of the Settlement Agreement, the Memorandum, and the Court's familiarity with this case, the Court finds that the Settlement Agreement is the result of extensive, arm's-length negotiations between the Parties after Plaintiff's Counsel and Settling Entities' Counsel had fully investigated the claims and became familiar with the strengths and weaknesses of the claims. The assistance of Robin Gise, Esq., as an independent mediator, during three separate full-day mediation sessions further supports the Court's finding that the settlement is not collusive. Based on all of these factors, the Court finds that the Settlement Agreement has no obvious defects and is within the range of possible settlement approval such that notice to the Class Members as set forth in the Settlement Agreement is appropriate.

4. The Court approves McLaughlin & Stern, LLP as Class Counsel.

5. The Court approves Analytics, LLC as the Claims Administrator.

6. The proposed Notice, attached as Exhibit 2 to Gallaway Decl., fully and accurately informs the Class Members of all material elements of the action and the proposed Settlement.

7. The Court finds that the Settlement Agreement satisfies all the requirements for certification of a settlement class under Rule 23(a) and 23(b)(3).

8. The Parties propose to disseminate the Notice to the Class Members *via* First Class United States Mail to the last known address of each Class Member, in addition to dissemination *via* electronic mail in accordance with Sections 1.55 and 2.4(C) of the Settlement Agreement. The Court finds that the method of disseminating the Notice, as provided in the Settlement Agreement, is the best notice practicable under the circumstances and fully meets the requirements of federal law.

9. Based on the foregoing, the proposed Notice is hereby approved by the Court.

10. Within **fourteen (14) days** after the filing of this Order, in accordance with Section 2.4(A) of the Settlement Agreement, the Settling Entities will provide the Settlement Claims Administrator with the following information, in electronic form, for all Class Members: name, last known addresses, email addresses, social security numbers, dates of employment and job titles with dates. Additionally, pursuant to Section 3.4(B)(1), Settling Entities shall provide Class Records to Class Counsel for purposes of individual Class Member damage calculations.

11. Within **twenty-eight (28) days** after the filing of this Order, or as soon thereafter as practicable, the Settlement Claims Administrator will mail to all Class Members, *via* First-Class United States Mail, postage prepaid, the Notice and will email the same.

12. Each Class Member shall have **thirty (30) days** from the mailing of the Notice to object to or opt out of the Settlement with additional time for any Class Members to whom Notice was re-mailed as set forth in the Settlement Agreement.

13. In accordance with Section 3.1(B), within **sixty (60) days** after the filing of this Order, the Settling Entities shall deposit Three Hundred Four Thousand, One Hundred Sixty-Six and 66/100 Dollars ($304,166.66) into the QSF; within **one hundred and eighty (180) days** after the filing of this Order, the Settling Entities shall deposit Three Hundred Four Thousand, One Hundred Sixty-Six and 67/100 Dollars ($304,166.67) into the QSF; and within **three hundred (300) days** after the filing of this Order, the Settling Entities shall deposit Three Hundred Four Thousand, One Hundred Sixty-Six and 67/100 Dollars ($304,166.67) into the QSF. These amounts shall be refunded to the Settling Entities if there is no Final Approval Order.

14. The Court will conduct a Fairness Hearing on _____, 2021, at \_\_ [a.m./p.m.] to address: (a) whether the proposed Settlement Agreement should be finally approved as fair, reasonable, and adequate; (b) Class Counsel's application for attorneys' fees and costs; and (c) Plaintiff's application for service payments. Class Counsel shall file a Joint Motion for Final Approval of the Settlement on or before _____, 2021 [fifteen (15) days before the Fairness Hearing].

15. The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Order.

Dated this \_\_\_\_\_ day of _____, 2021.
New York, New York

SO ORDERED:

_____
Hon. Vernon S. Broderick
United States District Judge