UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                         :
EMANUEL PRELDAKAJ, on behalf of himself :
and all others similarly situated,                  :
                           Plaintiff,     :
                                                          :       20-cv-9433 (VSB)
            -against-                           :
                                                          :        **OPINION & ORDER**
THE MONARCH CONDOMINIUM, THE       :
MONARCH CONDOMINUM BOARD OF       :
MANAGERS and LASALA                          :
MANAGEMENT, INC.                             :
                                                         :
                                    Defendants.    :
                                                         :
------------------------------------------------------------X

Appearances:

Brett R. Gallaway
McLaughlin & Stern, LLP
New York, New York
*Counsel for Plaintiff*

Stephen Paul Pischl
Clifton Budd & DeMaria, LLP
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

        Plaintiff Emanuel Preldakaj brings this case against The Monarch Condominium (the "Monarch"), The Monarch Condominium Board of Managers and Lasala Management, Inc. ("Defendants"), on behalf of himself and other hourly paid non-exempt employees of the Monarch, to recover unpaid wages and overtime compensation under the Fair Labor Standards Act (the "FLSA") §§ 201, et seq., and under McKinney's Labor Law (the "NYLL"), §§ 190, et seq., 195(1), 195(3), §§ 650, et seq., and 12 NYCRR § 142-2.2. (Compl. ¶ 6.) The parties have reached an agreement as to the material terms of a settlement agreement (the "Settlement

Agreement"). (*See* Doc. 32.) Currently before me is the joint motion of the parties for: (1) preliminary approval of the Settlement Agreement; (2) conditional certification of the proposed class; (3) appointment of class counsel, (4) approval of the proposed notice of the settlement, and (5) a fairness hearing for final approval of the Settlement Agreement.

For reasons stated below, the joint motion is hereby GRANTED.

I. **Background and Procedural History**

Plaintiff Preldakaj was employed by the Monarch as a doorman on a full-time basis from June 2009 to September 29, 2020. (Compl.[1] ¶ 11.) He was an hourly employee and was paid at an hourly rate of $25.65. (*Id*.) In this action, he alleges that Defendants owe him, and others similarly situated (the "Class Members"), unpaid straight and overtime compensation under the FLSA and New York Labor Law. Specifically, Plaintiff claims that Defendants required employees to perform off-the-clock work after shifts without pay, penalized hourly employees by configuring the time clocks to their disadvantage, and artificially deducted time for meal breaks when hourly employees were performing work during that time. (*Id*. ¶ 3.) Asserting the same allegations, Plaintiff brings claims under Rule 23 of the Federal Rules of Civil Procedure and New York State law. (*Id*., at 21.)

Plaintiff filed the Complaint on November 10, 2020. (Doc. 1.) Subsequently, the parties agreed to stay the action pending a mandatory mediation pursuant to Article XIX § 47 of the Class Members' collective bargaining agreement. (*See* Docs. 14-15.) On April 30, 2021, the parties reached an agreement as to the material terms of a settlement in the amount of $912,500, inclusive of attorney's fees, after a mediator's proposal. (Gallaway Decl.[2] ¶ 8.) On July 12,

---

[1] "Compl." refers to Plaintiff's complaint filed November 10, 2020. (Doc. 1.)
[2] "Gallaway Decl." refers to Bret R. Gallaway's declaration submitted on July 12, 2021. (Doc. 33.)

2021, the parties filed this joint motion for preliminary approval of settlement.  (Doc. 31.)

    **II.**    <u>**Discussion**</u>

        **A.**    *Legal Standard*

District courts have discretion to approve proposed class action settlements.  *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995).  The parties and their counsel are in a unique position to assess the potential risks of litigation, and thus district courts in exercising their discretion often give weight to the fact that the parties have chosen to settle.  *See Yuzary v. HSBC Bank USA, N.A.*, No. 12-CV-3693, 2013 WL 1832181, at *1 (S.D.N.Y. Apr. 30, 2013).

Review of a proposed settlement generally involves preliminary approval followed by a fairness hearing.  *Silver v. 31 Great Jones Rest.*, No. 11-CV-7442, 2013 WL 208918, at *1 (S.D.N.Y. Jan. 4, 2013).  To grant preliminary approval, a court need only find "probable cause to submit the [settlement] proposal to class members and hold a full-scale hearing as to its fairness."  *In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980) (internal quotation marks omitted).  Preliminary approval is typically granted "where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval."  *Silver*, 2013 WL 208918, at *1 (quoting *In re Initial Pub. Offering Sec. Litig.*, 226 F.R.D. 186, 191 (S.D.N.Y. 2005)).

        **B.**    *Discussion*

            **1. Preliminary Approval of the Class Settlement**

According to the parties' submissions, Plaintiff's counsel from McLaughlin & Stern, LLP ("M&S") "received and reviewed thousands of pages of documents from [Defendants,]" "spoke

with a number of Class Members regarding their work experiences," and "secured six detailed declarations from Class Members." (Gallaway Decl. ¶ 6.) The parties held three all-day mediation sessions in front of an experienced and well-respected employment wage-and-hour mediator, (*id*. ¶ 7), and did not reach an agreement until the third session. The parties agree on a settlement amount of $912,500, inclusive of attorney's fees. Without reaching a final determination on the fairness of the settlement amount, I find that a distribution of $912,500, after reduction for attorney's fees, for approximately thirty class members for overtime violations appears on its face to be within the appropriate range for the settlement. (*See* Doc. 32, at 5.) Therefore, I conclude that the settlement is the result of substantial investigative efforts, arm's length negotiations, the assistance of a neutral mediator, and that its terms are within the range of possible settlement approval.

### 2. Conditional Certification of the Proposed Class and Appointment of Class Counsel

I provisionally certify for settlement purposes the class (the "Settlement Class") under Federal Rule of Civil Procedure 23(e), which consists of:

(i) The "FLSA Class:" all current and former non-supervisory, non-exempt hourly building service staff members who worked at The Monarch Condominium during the period from November 10, 2017, through the date of this Order;

(ii) The "Rule 23 Class:" all individuals employed in New York State and who worked as non-supervisory, non-exempt hourly paid building service staff members at The Monarch Condominium during the period from November 10, 2014, through the date of this Order.

(*Id.*; *see also* Galloway Decl. ¶ 13.)

To be certified under Rule 23(a), a class must meet that section's four requirements—numerosity, commonality, typicality, and adequacy of representation—as well as one element of Rule 23(b). Although the Settlement Class has fewer than thirty members and can therefore not

be presumed sufficiently numerous, *cf. Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995), joinder would be impractical given the relative size of the claims at issue and modest financial resources of the class members, and judicial economy favors avoiding individual actions particularly where the defendant is amenable to a class settlement. Plaintiff Preldakaj and the Class Members share common issues of fact and law, including whether Defendant failed to pay them overtime compensation. For many of the same reasons, Plaintiff's claims are typical of those of the Settlement Class. There is nothing to suggest that Plaintiff's interests are antagonistic to those of the other Class Members. Finally, the proposed Settlement Class satisfies Rule 23(b)(3) because "questions of law or fact common to class members predominate over any questions affecting only individual members," Fed. R. Civ. P. 23(b)(3), and because "class adjudication . . . will conserve judicial resources and is more efficient for class members," *see Silver*, 2013 WL 208918, at *2 (internal quotation marks omitted).

Rule 23(g)(1)(A) requires that a district court consider the following in appointing class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Based upon the investigations done by M&S in this case, (*see* Gallaway Decl. ¶¶ 4–10), and its previous work as class counsel in similar cases, (*see id.* ¶ 3), I conclude that M&S meets the requirements of Rule 23(g), and I appoint Plaintiff's counsel M&S as class counsel.

### 3. Approval of Class Notice

Rule 23(c)(2)(B) requires for a class such as this one certified under Rule 23(b)(3), that

> the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified

through reasonable effort. The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

After review, I conclude that the notice proposed by the parties, (Doc. 33 Ex. 2), constitutes the best notice practicable under the circumstances and meets the requirements of due process. It also satisfies the seven elements of Rule 23(c)(2)(B).

### 4. Fairness Hearing Schedule

In light of the notice and opt-in process contemplated by the parties, (*see* Doc. 32, 7–9), I will hold a fairness hearing on February 3, 2022, at 4:00 PM. At this hearing, I will determine: (1) whether the proposed settlement of this action on the terms and conditions provided for in the Settlement Agreement is fair, just, reasonable, adequate, and in the best interest of the Settlement Class; (2) whether I should approve the Settlement Agreement; and (3) whether I should enter a final judgment of dismissal.

### III. Conclusion

For the foregoing reasons, the joint motion of the parties is GRANTED. The Clerk is respectfully directed to terminate the motion at Doc. 31.

SO ORDERED.

Dated: November 15, 2021
New York, New York

Vernon S. Broderick
United States District Judge