UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMANUEL PRELDAKAJ, on behalf of himself and all
others similarly situated,

               Plaintiff,

     v.

THE MONARCH CONDOMINIUM, THE MONARCH
CONDOMINUM BOARD OF MANAGERS and
LASALA MANAGEMENT, INC.

               Defendants.

Index No.: 20-cv-09433(VSB)

**FINAL JUDGMENT GRANTING:
(1) FINAL SETTLEMENT APPROVAL; (2) APPROVAL
OF ATTORNEYS' FEES AND REIMBURSEMENT OF
EXPENSES; AND (3) PLAINTIFF'S SERVICE AWARDS**

     1.     Plaintiff commenced this action on November 10, 2020 by service and filing of a

Complaint on behalf of current and former hourly paid and non-exempt building service staff

members who worked at The Monarch Condominium.[1]  In his Complaint, Plaintiff generally

alleged that the Settling Entities violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

("FLSA"), and New York Labor Law, Article 6, §§ 190 *et seq.*, Article 19, §§ 650 *et seq.*, and 12

NYCRR § 142-2, by denying straight and overtime compensation to Plaintiff and Class Members

by paying them according to their scheduled shifts rather than the actual time they spent clocked

in and performing work-related duties, and asking Plaintiff and all other Class Members to

perform work on their days off or for several hours per day outside of the parameters of their

regularly scheduled shifts.

---

[1]     Unless otherwise defined, capitalized terms shall have the same meaning as used in the Joint Stipulation of
Settlement and Release.  (Doc. 44-1 ("Settlement Agreement").)

2.     After filing the Complaint, the parties agreed to stay the Action pending a mandatory mediation pursuant to Article XIX § 47 of the Class Members' collective bargaining agreement.  (*See* Docs. 14–15.)  This stay was granted until March 21, 2021, and Defendants did not respond to the Complaint pending the outcome of the mediation.[2]  In anticipation of the mediation, Class Counsel pushed forward aggressively with informal discovery.  In connection with these efforts, Class Counsel received and reviewed hundreds of pages of documents from the Monarch Defendants, including collective bargaining agreements and Class Member time and payroll records. Class Counsel also spoke with a number of Class Members regarding their work experiences at the Monarch Condominium and secured six declarations from Class Members making allegations similar to the Named Plaintiff's allegations in the Complaint.  (*See* Doc. 33 ("Gallaway Decl.") ¶ 6.)  Moreover, Class Counsel conferred with a damages expert who analyzed and prepared a detailed individual damages analysis utilizing each Class Member's time and payroll records in the calculation of Class Member damages.  (*See id.*)

3.     Contemporaneous with these efforts in informal discovery and damage analysis, and pursuant to the terms of the Collective Bargaining Agreement, Class Counsel and counsel for the Monarch Defendants participated in mandatory mediation to explore settlement of the claims asserted in the Complaint.  Robin Gise, Esq., an experienced and well-respected employment wage-and-hour mediator, was selected as mediator in accordance with the mediation provisions of the Collective Bargaining Agreement.  (*See id*. ¶ 7.)

4.     The first of three all-day mediation sessions was held on March 24, 2021.  (*See id*. ¶ 8.)  The Parties were not able to reach a resolution during the first mediation and scheduled a second all-day mediation which occurred on April 13, 2021.  (*See id*.)  In the interim, Class

---

[2]     This stay was further extended twice pending the Parties ongoing mediations. (*See* Docs. 16–19.)

Counsel was actively engaged with the Mediator to discuss updates and settlement strategy. Like the first mediation, the second mediation was also unsuccessful, but the Parties agreed to continue good faith negotiations during a third and final all-day mediation which took place on April 23, 2021.  (*See id.*)  Again, during this interval and thereafter, Class Counsel was actively engaged with the Mediator, Named Plaintiff and numerous Class Members, all of whom took active involvement in the mediation process.  Despite three full-day mediations, the parties were still not able to reach a resolution during the April 23rd mediation and continued to negotiate with the assistance of the Mediator for several days thereafter and finally reached an agreement as to material terms of a settlement in the amount of $912,500 on April 30, 2021, after a mediator's proposal.

5.      On July 12, 2021, the Parties filed a Joint Motion for Preliminary Approval of the Settlement.  By Order dated November 15, 2021, the Court granted preliminary approval of the Settlement; authorized dissemination of Notice to the Classes; and set a date to consider final approval of the Settlement and the application of Plaintiff's counsel for payment of attorneys' fees, reimbursement of expenses, and service awards to the Named Plaintiff.  (*See* Doc. 35 ("Preliminary Approval Order").)[3]

6.      The Class Action Fairness Act of 2005, 28 U.S.C. § 1711 *et seq.*, requires that "[n]ot later than 10 days after a proposed settlement of a class action is filed in court, each defendant that is participating in the proposed settlement . . . serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official, a notice of the proposed settlement[.]"  28 U.S.C. § 1715(b).

---

[3]      On November 15, 2021, the Parties submitted a joint letter request to adjourn the Final Fairness Hearing date, which I endorsed that same day, and the Final Fairness Hearing was scheduled to proceed on March 24, 2022 at 4:00 p.m.  (*See* Docs. 36–37.)

7.      As detailed in the Declaration of Stephen Pischl in Support of Motion for Final

Approval of Settlement, on Thursday, November 17, 2021, two days after this Court issued its

Opinion & Order granting the parties' joint motion for preliminary approval of the settlement,

the Attorney General of the United States and the New York Attorney General, were notified that

the parties were seeking final approval and of the date for the Fairness Hearing.  (*See* Doc. 46

("Pischl Decl.").)

8.      The Defendants did not receive any indication from the United States Attorney

General, the New York Attorney General, or any other person or entity, that any of the recipients

of the Settling Entities' notices intend to participate at the hearing, or that they would object to

the Settlement Agreement reached between the parties.  (*See* Pischl Decl.)

9.      On December 8, 2021, Notice of the Settlement was disseminated to Class

Members.  Among other things, the Notice contains relevant information about the nature of the

lawsuit, including how the Individual Settlement Amounts will be calculated, attorneys' fees and

expenses, the proposed service awards to the Named Plaintiff, and how Class Members can

exclude themselves from the Settlement or object to the Settlement.

10.     On March 9, 2022, Plaintiff jointly moved for an Order: (1) granting final

approval of the Settlement; (2) granting the application of Class Counsel for payment of

attorneys' fees and reimbursement of expenses; and (3) granting service awards to the Named

Plaintiff.  The Court held a hearing on that motion on March 24, 2022.

NOW, THEREFORE, IT IS HEREBY ORDERED, upon consideration of the Settlement

Agreement, the Parties' briefs, declarations, and oral arguments in support thereof, and the

proceedings in this action to date, as follows:

1.     Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms set forth in the Settlement Agreement.

2.     This Court has jurisdiction over the subject matter of this action, all matters relating thereto and all the Parties.

3.     If, for any reason, the Settlement Agreement ultimately does not become effective, the Parties shall return to their respective positions in the Litigation as those positions existed immediately before the Parties executed the Settlement Agreement, and nothing stated in the Settlement Agreement or any other papers filed with this Court in connection with the Settlement shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in the Litigation or in any other action.

4.     The Notice disseminated to Class Members pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances, was accomplished in all material respects, and fully meets the requirements of Federal Rule 23.

5.     Pursuant to Federal Rule 23, the Court grants final certification of the Class because it meets all of the requirements of Federal Rule 23(a) and (b)(3).

6.     Pursuant to Federal Rule 23(e), the Court grants final approval of the Settlement. The Court finds that the Settlement is fair, reasonable, and adequate in all respects and that it is binding on all Class Members and that no Class Member requested to opt out or object pursuant to the procedures set forth in the Preliminary Approval Order.  The Court finds that the Settlement is rationally related to the strength of Plaintiff's claims given the risk, expense, complexity, and duration of further litigation.  The Court also finds that the Settlement Agreement is the result of arms'-length negotiations between experienced counsel representing

the interests of Plaintiff, Class Members, and the Settling Entities, after thorough factual and

legal investigation.  *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir.

2005).

       7.      The Court further finds that the Settlement is adequate given: (i) the complexity,

expense and likely duration of the Litigation; (ii) the reaction of Class Members to the

Settlement, including the lack of any opt-outs or objections to the Settlement; (iii) the stage of

the proceedings and the amount of discovery completed; (iv) the risks of establishing liability

and damages; (v) the risks of maintaining the class action through the trial; and (vi) that the

Gross Settlement Amount is within the range of reasonableness in light of the best possible

recovery and the attendant risks of litigation.  *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 86

(2d Cir. 2001); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

       8.      The Court finds that the proposed plan of allocation is rationally related to the

relative strengths and weaknesses of the respective claims asserted.  The mechanisms and

procedures set forth in the Settlement Agreement by which payments are to be calculated and

made to Class Members are fair, reasonable, and adequate, and payment shall be made according

to those allocations and pursuant to the procedure set forth in the Settlement Agreement.

       9.      The Court has reviewed the Releases described in Section 2.11 of the Settlement

Agreement and finds them to be fair, reasonable, and enforceable under the FLSA, Federal

Rule 23, and all applicable law.

       10.     The Court hereby grants Class Counsel attorneys' fees of $304,166.66 or 1/3 of

the Gross Settlement Amount, which the Court finds to be fair and reasonable based upon: (i) the

number of hours worked by Class Counsel during the Litigation; (ii) the results achieved on

behalf of the Classes; (iii) the contingent nature of Class Counsel's representation; (iv) the

complexity of the issues raised by the Litigation; (v) the absence of any objections to the request

for attorneys' fees; and (vi) a lodestar cross-check, which reveals that Class Counsel will receive

a modest multiple to their lodestar expended during the Litigation.

11.     The Court hereby approves Class Counsel's request for reimbursement of

litigation expenses in the sum of $2,806.61, which expenses the Court finds were necessarily and

reasonably incurred by Class Counsel in prosecuting this case, and awards costs to Analytics,

LLC for claims administration services in the amount of $9,206.00, for the total sum of

$12,012.61, to be paid from the Gross Settlement Amount in accordance with the Settlement

Agreement.

12.     The Court hereby approves service awards of $10,000 for the Named Plaintiff

based upon the time, effort and commitment he expended in prosecuting the case on behalf of the

Class.

13.     The Defendants have complied with the notice requirements of the Class Action

Fairness Act of 2005, 28 U.S.C. § 1711 *et seq*.  More than 90 days have elapsed since the

appropriate Federal and State official(s) were served with notice.

14.     The Complaint filed in this Litigation and all claims contained therein are

dismissed in their entirety with prejudice and without costs as to all Class Members.

15.     By operation of the entry of this Order and the Final Judgment, all Released

Claims are fully, finally and forever released, relinquished and discharged pursuant to the terms

of the release set forth in Section 2.11 of the Settlement Agreement as to all Class Members

other than those who have opted-out of the Settlement.

16.     The Parties entered into the Settlement Agreement solely for the purpose of

compromising and settling disputed claims.  The Settling Entities in no way admit any violation

of law or any liability whatsoever to Plaintiff and the Class, individually or collectively, all such liability being expressly denied by the Settling Entities.

17.     The Order and Final Judgment is a final judgment in the Litigation as to all claims among the Plaintiff, the Class Members who have not opted-out, and the Settling Entities.  This Court finds, for purposes of Federal Rule 54(b), that there is no just reason for delay and expressly directs entry of Judgment as set forth herein.

18.     The Court retains jurisdiction over this matter for purposes of resolving issues relating to administration, implementation, and enforcement of the Settlement Agreement.

IT IS SO ORDERED.

DATED: __March 28, 2022__     _____

Hon. Vernon S. Broderick
United States District Judge